## ERIE CRAWFORD OIL COMPANY v. JONES.

[No. 6,333. Filed January 26, 1909.]

1. EVIDENCE.—*Oral.—Varying Written Lease.—Rentals.—Application of Payments.*—Where a lessee, after an assignment of his lease, made a payment of rentals due under a former lease of the same premises, oral evidence of the application of such payment does not vary the terms of the assigned written lease, and is competent as against the assignee's contention that it was applicable only to the rentals due under the assigned lease. p. 189.

2. APPEAL.—*Right Result.*—Where a right result was reached, intervening errors will be disregarded. p. 190.

From Randolph Circuit Court; *Henry C. Fox,* Special Judge.

Suit by Richard II. Jones against the Erie Crawford Oil Company. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Abram Simmons* and *Frank C. Dailey,* for appellant.

*Engle, Caldwell & Parry,* for appellee.

RABB, J.—This suit was brought in the court below by the appellee to quiet his title to the premises described in his complaint.

The controversy involves the forfeiture of a gas- and oil-lease of the premises, executed by appellee to the appellant's assignor. There was a special finding of facts and conclu-

sions of law stated thereon, and exceptions by appellant to the conclusions of law. Appellant's motion for a new trial was overruled, and a decree entered on the findings in favor of the appellee. The question presented by the record turns entirely upon the admissibility of certain evidence.

The substantive provisions of the lease, so far as they are necessary to a decision of the question involved, are as follows:

"In consideration of the sum of $1, the receipt of which is hereby acknowledged, R. H. Jones and Stella Jones, first party, hereby grant and guarantee unto the Woodbury Glass Company, second party, all the oil and gas in and under the following described premises, together with the right to enter. [Then follows a description of the land.] To have and hold the above premises for and during the term of five years from this date, and as much longer as oil and gas are produced in paying quantities, or the rents are paid thereon. * * * In case no well is completed within —— years from this date, then the grant shall become null and void, unless second party shall pay first party at Parker Banking Company, in Parker, fifty cents per acre, payable semiannually in advance, for each year thereafter such completion is delayed."

The lease was dated August 16, 1901. No well was ever completed on the premises, and no possession of the premises ever taken by the lessee. The appellant became the owner of the lease in July, 1903, and in the same month paid $20 as the semiannual rental provided for in the lease, but made no further payments thereon. On July 1, 1904, appellant deposited with the Parker City Banking Company $80, to be paid appellee as rental on the land in question, which appellee refused to receive. By the terms of the lease a semiannual payment of the rent was due on February 16, 1904. It is not pretended or claimed by appellant that this semiannual rental was ever paid by it, but that its assignor paid the rental, and that no rent was due

at that time on account of payments not made by appellant but made by its assignor.

There was evidence that the appellant's assignor paid to the lessor on January 1, 1902, the sum of $20 as rental on these premises, and appellant claims credit for this payment as being made under the contract and for the rent from August 16, 1902, to February 16, 1903. Another payment was made by appellant's assignor on July 1, 1903, which appellant claims paid the rent from February 16, 1903, to August 16, 1903; while it is the contention of the appellee that these payments of rent made by the appellant's assignor were not for the period subsequent to August 16, 1902, and witnesses were permitted to testify with reference to these payments, that the lease in question was but a substitution for a prior lease on the premises that had theretofore been executed by appellee to the appellant's assignor, and that at the time the lease in question in this case was executed the appellant's assignor was paying rent upon the land at the rate of fifty cents per acre semiannually, and making the payments on July 1 and January 1 of each year, and that it was agreed and understood between the parties to this lease that these payments of rent should continue under the new lease as they had been paid under the old, and that the payment of $20 from January 1, 1902, was a payment, and meant and intended as such by both the parties, of the rental of the land under the old contract from January 1, 1902, to July 1, 1902.

Appellant claims that this testimony was incompetent because it contradicted the terms of the written lease. We think this contention cannot be sustained. It was 1. clearly within the power and right of the original lessee to pay rental for this property from the day the contract was made, if it chose to do so, and it was no concern of the appellant. The evidence is addressed, not to what the terms of the new lease are, or

what the rights of the parties would be under it, but to the application of the payment of the $20 made January 1, 1902, and both the appellee and the officers of the appellant's assignor testified that this payment was made under the old contract, and to pay the rental from January 1, 1902, to July 1, 1902, as the payment itself clearly indicated was the intention.

We think there was no error in admitting parol evidence to show the terms of the original contract between the parties, and for what purpose they meant and intended the $20 paid January 1, 1902, should be applied. The appellant at that time had no interest in this lease, and what the then lessor and lessee agreed to do between themselves was a matter that could not affect the rights of the appellant. *Sargent* v. *Robertson* (1897), 17 Ind. App. 411, and cases cited. The evidence shows without controversy that when the appellant took the assignment of the lease it was informed up to what time the rental on the lease was paid, and that the rent would be due in July following, which rent was paid by appellant.

Taking the facts as they are admitted to be in this case, they clearly show that the lease was forfeited for failure to pay the rental due in February, 1904, and 2. that, if mistakes were made in the progress of the trial, they were harmless, and the case correctly determined upon its merits.

Decree affirmed.